**In re Frederick Austin HAINES and Lolita Lim Haines, Debtors.**

**Bankruptcy No. 88–2184–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Feb. 22, 1993.

David A. King, Orange Park, FL, for debtors.

Ronald Bergwerk, Jacksonville, FL, for trustee.

Charles W. Grant, Jacksonville, FL, trustee.

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION OF RONALD BERGWERK FOR ALLOWANCE OF FEES AS ATTORNEY FOR TRUSTEE

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came on for hearing on January 26, 1993, on the Application by Ronald Bergwerk for Allowance of Fees as Attorney for Trustee and the Objection filed by the United States Trustee. Upon the evidence offered, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The chapter 7 trustee employed applicant as special counsel to recover a preferential transfer made to Clay County Bank. Applicant filed an adversary proceeding and obtained a Judgment in the amount of $17,-744.08, which was collected in full for the benefit of the estate.

According to the Trustee's Preliminary Report of Estate, there are total funds on deposit in the estate of $26,754.66. As special counsel for the trustee, Ronald Bergwerk seeks attorney's fees of $1,950.00 for 9.1 hours of professional time which results in an hourly fee of $214.29 per hour. Also requested in the Application were expenses in the sum of $19.15.

Applicant testified that his normal hourly rate in 1988 and 1989 was $125.00 and that he now charges $150.00 an hour.

The request for expenses was withdrawn at the hearing.

The sole issue raised by the United States Trustee is whether the requested rate of compensation is excessive.

### Conclusions of Law

Compensation for counsel for a chapter 7 trustee is governed by § 330(a) which states that the Court may award to an attorney for a trustee:

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional persons, or attorney, as the case may be ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services....

Using the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir.1974), the Court must first determine the number of hours involved. There is no dispute regarding the time expended, and the Court finds that 9.1 hours is a reasonable amount of time required to perform the tasks set forth in the Application.

To complete the lodestar equation, the Court must next determine what constitutes a reasonable hourly rate. The only evidence before the Court is that the applicant now charges $150.00 an hour and that at the time these services were performed he charged $125.00 an hour. The Court finds that $150.00 is a reasonable hourly rate for the professional services provided by the applicant in this case.

No evidence was presented to convince the Court that an enhancement or increase of the lodestar amount is warranted. The *Johnson* case indicates that lodestar is only to be exceeded in extraordinary cases. None of the services rendered or the results obtained in this case were extraordinary and an award beyond the lodestar amount is not merited. Absent a factual justification for an award in excess of the lodestar, the Court is required to award compensation at a reasonable hourly rate times the hours expended.

The lodestar is calculated in this case by multiplying the reasonable hourly rate of $150.00 times the 9.1 hours expended, and results in an attorney's fee of $1,365.00.

An order granting fees to the attorney for the trustee will be separately entered.